NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GUADALUPE FRANCISCO LOZANO, *Appellant.*

No. 1 CA-CR 13-0667
FILED 08-14-2014

Appeal from the Superior Court in Mohave County
No. S8015CR201000833
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Kaiser James Wilson, PLLC, Flagstaff
By Jeffrey A. James
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

C A T T A N I, Judge:

¶1        Guadalupe Francisco Lozano appeals the superior court's order revoking probation and imposing consecutive, seven-year and three-year prison sentences.  Lozano's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous.  Lozano was given the opportunity to file a supplemental brief, but did not do so.  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  After reviewing the record, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Pursuant to a plea agreement, Lozano pleaded guilty in 2011 to one count of aggravated assault and one count of assisting a criminal street gang.  The superior court suspended sentence and imposed five years' probation.  The conditions of probation required, among other things, that Lozano maintain a crime-free lifestyle, report to the Adult Probation Department ("APD") as directed, not change his place of residence without APD's prior approval, participate in counseling or assistance programs as required by APD, and pay court-imposed fees.

¶3        In December 2011, Lozano's probation officer filed a petition to revoke, alleging that Lozano had failed to maintain a crime-free lifestyle by participating in a criminal activity on November 30, 2011; failed to report to APD in violation of a November 30, 2011 written directive; changed his place of residence on or about December 13, 2011 without prior approval of his probation officer; failed to attend required Moral Recognition Therapy ("MRT") sessions in violation of an October 19, 2011 written directive; and failed to pay $75 per month in court-imposed fees in violation of an October 19, 2011 written directive.  In January 2012, Lozano's probation officer filed a supplemental petition to revoke, alleging that Lozano failed to maintain a crime-free lifestyle by committing new offenses on January 6, 2012,

including a drive-by shooting, aggravated assault, and assisting a criminal street gang. *See State v. Lozano*, CR-201200064 (Mohave Cnty. Super. Ct.).

¶4        In April 2013, Lozano proceeded to trial in CR-201200064, but the case was dismissed without prejudice after the jury was unable to reach a verdict. The parties subsequently stipulated that all testimony and exhibits from the jury trial in CR-201200064 could be admitted and considered as evidence in Lozano's probation violation hearing. The court adopted the terms of the parties' stipulation.

¶5        At the violation hearing, on the State's motion, the superior court dismissed with prejudice the November 30, 2011 crime-free lifestyle allegation. The probation officer then testified that Lozano failed to (1) report to her as directed on December 8, 2011, (2) obtain prior approval from APD before changing his residence, (3) attend three required MRT counseling sessions on November 16, December 7, and December 14, 2011, and (4) make required payments to the clerk's office after being employed. The court also considered trial testimony in CR-201200064 that Lozano fired multiple shots at the occupants of a motor vehicle in a gang-related shooting on January 6, 2012.

¶6        After considering the evidence, the superior court found that Lozano had violated the above-listed conditions of probation. The court revoked probation and imposed consecutive sentences of seven years' imprisonment on the aggravated assault charge and three years' imprisonment on the assisting a criminal street gang charge, with 957 days' presentence incarceration credit.

¶7        Lozano timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033.[1]

## DISCUSSION

¶8        The record reflects that the superior court afforded Lozano his rights under the United States and Arizona Constitutions and our statutes, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. Lozano was present and represented by counsel at all critical stages of the revocation proceedings. The court conducted appropriate hearings, and the evidence presented and summarized above was sufficient to support the court's finding that Lozano

---

[1]     Absent material revisions after the relevant date, we cite a statute's current version.

violated his conditions of probation. In light of these violations, the court was authorized to revoke probation and impose a sentence of imprisonment. *See* A.R.S. § 13-901(C). Lozano's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

**¶9** For the reasons stated, we affirm the superior court's order revoking probation and imposing consecutive, seven-year and three-year prison sentences. After the filing of this decision, defense counsel's obligations pertaining to Lozano's representation in this appeal will end after informing Lozano of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Lozano has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh